STEPHEN SOLANO    (SBN 80692)
Attorney at Law
1119 - 12th Street, Suite 1
Modesto, California  95354
Telephone: (209) 571-2490
Facsimile:  (209) 576-2235

Attorney for Theodore Furtado Medeiros

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE FURTADO MEDEIROS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MERCED COUNTY SHERIFF DEPUTY CLARK (#5142), individually and in his official capacity, MERCED COUNTY SHERIFF DEPUTY ERIC MACIAS (#5185), individually and in his official capacity, and DOES 1-20,<br><br>　　　　　Defendants. | Case No.: 1:09-CV-01177-OWW-GSA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES** |

## INTRODUCTION

1.　This is a civil action for compensatory damages brought against Merced County Sheriff Deputy Clark (#5142), individually and in his official capacity, and Merced County Sheriff Deputy Eric Macias (#5185), individually and in his official capacity.

## FACTS

2.　On or about May 19, 2008 at approximately 7:30 p.m. plaintiff was asked by a friend to obtain a telephone number of a Frank Rose who lived nearby.  Plaintiff did not know Mr. Rose and did not know exactly where Mr. Rose lived.

3. Plaintiff drove his Cushman into the wrong property located at 609 Fleming Road, turned around and left. This property was a ranch-type residence with a tack room nearby.

4. Plaintiff then drove to the correct residence and obtained the telephone number of Frank Rose from Cheryl L. Luman who was at the residence. Plaintiff then telephoned his friend and gave him Mr. Rose's telephone number.

5. While at the Rose property, plaintiff was approached by a man without any identification who stated he was a Merced County Sheriff Deputy. He identified himself as Deputy Clark. Deputy Clark accused plaintiff of stealing something from his tack room. Deputy Clark looked into plaintiff's open Cushman and found nothing that may have been stolen. Deputy Clark was at the Rose residence within a few minutes or so after plaintiff arrived at the Rose residence. Plaintiff was wearing a tank top, moccasins, and shorts. Deputy Clark knew or should have known plaintiff had not taken any items from the 609 Fleming Road tack room.

6. Plaintiff told Deputy Clark that without identification he was not a sheriff officer and that if he was accusing plaintiff of being a thief he would knock him on his ass. Plaintiff then got into his Cushman and drove home to call the Merced County Sheriff Department wherein he was told a deputy was already on the way.

7. Deputy Eric Macias (and another unknown sheriff officer) drove onto plaintiff's property. Defendants Deputy Clark and Deputy Macias then talked privately for about 20 minutes. Thereafter, Deputy Clark told plaintiff that his son, Scott Clark, saw plaintiff walk to and from the tack room and carry something out. Plaintiff stated, "If that was true, then your son is a liar." Deputy Clark appeared mad at plaintiff's response.

8. Deputy Clark stated he saw tennis shoe prints in the tack room. Plaintiff said he was wearing moccasins and this could be proved by going to the Rose residence because his moccasin footprints could be plainly seen there and would prove his innocence. Both Deputy Clark and Deputy Macias refused to investigate whether moccasin footprints were at the Rose residence.

9. Deputy Clark then accused plaintiff of changing his shoes when he went into his residence to call the Sheriff Department. Deputy Clark took one of plaintiff's moccasins and

First Amended Complaint for Damages                         2

plaintiff had his wife bring him a pair of tennis shoes to wear. Deputy Macias later told plaintiff that his tennis shoe prints were found inside the tack room. Plaintiff became angry at Deputy Macias for lying.

10. Neither Deputy Clark nor Deputy Macias questioned Cheryl Luman at the Rose residence to confirm plaintiff's explanation that his moccasin footprints were at the Rose residence. Plaintiff's wife was not asked about the moccasins. Defendants never contacted Melvin Bettencourt to confirm plaintiff was asked to find the Rose residence.

11. Deputy Macias, after another private 20 minute conversation with Deputy Clark, told plaintiff he was being arrested for trespassing on the property at 609 Fleming Road. Plaintiff was handcuffed and placed into a sheriff's car. After being handcuffed in the sheriff's car for over an hour, plaintiff was taken to jail and booked on a first degree burglary charge. Plaintiff was completely surprised and shocked that he was charged with burglary. Bail was set at $50,000.

12. At the jail, Deputy Macias told plaintiff his tennis shoe prints were found in the tack room. Plaintiff again requested Deputy Macias to check his story out concerning his moccasin prints at the Rose residence, which would have proven his innocence. Deputy Macias refused.

**PARTIES**

13. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants, and each of them, were and now are residents of the County of Merced, State of California and that the acts complained of herein occurred in the County of Merced.

14. Plaintiff is informed and believes that each of the defendants named, including Does 1 to 20, is intentionally and maliciously responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.

15. At all times herein mentioned, defendant Merced County Sheriff Deputy Clark, Merced County Sheriff Deputy Macias, and Does 1-20 or each duly appointed peace officers, ranking officers, and employees of the Merced County Sheriff Department, and at all times

herein mentioned, were acting individually and in their official capacity under the color of law and acted as the agent, co-conspirator, employee and representative of every other defendant acting individually and in their official capacity.

16. Defendant Merced County Sheriff Deputies Clark and Macias and Does 1-10, after arresting plaintiff in a public place in or near the City of Atwater, State of California, negligently and/or wrongfully, intentionally, maliciously and without investigation or probable cause forced plaintiff into handcuffs, arrested plaintiff, placed plaintiff into a sheriff's vehicle, incarcerated him in the Merced County Jail, filed false reports, maliciously had an untrue complaint filed against plaintiff by the Merced County District Attorney's Office, and maliciously attempted to prosecute plaintiff on felony charges they knew to be untrue, in violation of the United States Constitution, the laws of the State of California and common law principles, including rights, privileges and immunities secured to plaintiff by said statutes and by the Fourth and Fourteenth Amendments of the United States Constitution. As a result of such abuse by defendants Sheriff Deputies Clark and Macias, and Does 1-10, and each of them, plaintiff suffered false arrest, malicious prosecution, false imprisonment, anxiety, torment, degradation, loss of present and future income, and extreme emotional distress.

17. Upon information and belief, plaintiff thereon alleges that defendant Deputy Clark knowingly used his son, Scott Clark, either by alleging his son said he saw plaintiff walk to the tack room and saw plaintiff walk back from the tack room carrying something or by forcing his son to lie stating that he saw plaintiff walk to the tack room and walk back from the tack room carrying something. Defendant Deputy Macias knew that the alleged statement by Deputy Clark's son was untrue.

18. Upon information and belief, plaintiff thereon alleges that defendants acting in concert and understanding maliciously placed footprints from plaintiff's moccasins or footprints from plaintiff's tennis shoes in the tack room, fabricating false evidence to support their wrongful arrest and malicious prosecution of plaintiff.

19. Defendants Deputy Macias and Deputy Clark intentionally and maliciously failed to properly investigate their case against plaintiff by not talking to witnesses, including but not

limited to Cheryl L. Luman at the Rose residence who knew plaintiff was seeking a telephone number and was wearing moccasins. Defendants did not check for moccasin prints at the Rose residence. Defendants did not contact Melvin Bettencourt who would confirm plaintiff's factual assertions and did not interview plaintiff's wife as to what footwear plaintiff was wearing. Defendants did not contact the owner of the residence located at 609 Fleming Road to ask if either the residence or tack room had been broken into or if anything was missing. The owner was not asked if the footprints in the tack room (if any) were familiar or were unknown.

20. Upon information and belief, plaintiff thereon alleges that the failure to investigate was intentional to cover up the wrongful arrest of plaintiff without probable cause and to cover up the malicious prosecution of plaintiff.

21. Defendants knew that plaintiff did not take anything from the tack room at 609 Fleming Road by looking into the Cushman plaintiff was driving.

22. Defendants Deputy Clark and Deputy Macias conspired through an agreement and/or understanding to maliciously arrest plaintiff without probable cause and willfully failed to investigate, willfully fabricated evidence and manufacture probable cause, filed a false police report, and conspired to maliciously prosecute plaintiff.

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS
(42 USC Section 1983)

(By Plaintiff Theodore Furtado Medeiros against Merced County Sheriff Deputies Clark, Macias, and Does 1-10, individually and in their official capacity)

23. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 22 of this complaint, and by this reference, incorporates the same herein and makes each a part hereof.

24. This action at law for money damages arises under Title 42 U.S.C. Sections 1983, 1988, Title 28 Section 1331, and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights,

privileges and immunities secured to plaintiff by said statutes and the Fourth and Fourteenth Amendments of the United States Constitution by defendants Merced County Sheriff Deputy Clark, Deputy Macias, and Does 1-10, a result of which subjected plaintiff Theodore Furtado Medeiros to excessive and unreasonable force, arrest without probable cause, imprisonment and false and malicious prosecution, and covering up these acts and depriving plaintiff of rights to recover for his damages.

25. The events, acts and omissions complained of hereinabove concerning the damages alleged by plaintiff Theodore Furtado Medeiros occurred when defendants Merced County Sheriff Deputies Clark, Macias, and Does 1-10, acting individually and in their official capacity, arrested plaintiff without probable cause knowing plaintiff had not committed any crime. Defendants thereafter wrongfully jailed plaintiff, fabricated evidence, and made false charges knowing them to be untrue, filed a knowingly false sheriff report of the incident, and intentionally and maliciously had plaintiff prosecuted for uninvestigated felony burglary charges supported by lying and fabricated evidence made and produced by defendants.

26. Defendants, and each of them, acting individually and in their official capacity, under the color of law, conspired to and engaged in a cover-up of their misconduct. In furtherance of their misconduct, and in their official capacity, defendant sheriff deputies prepared and filed a knowingly false report and did not conduct a proper investigation. These actions were designed to cover up their own individual wrongdoing and to punish plaintiff.

27. As a further proximate result of the aforesaid individual acts and omissions of defendants, and each of them, plaintiff Theodore Furtado Medeiros suffered false arrest, false prosecution, false imprisonment, anxiety, torment, degradation, loss of present and future income, and extreme emotional distress.

28. By reason of the aforementioned individual acts and omissions of defendants, and each of them, plaintiff did and will in the future continue to incur anxiety, torment, degradation, extreme emotional distress, and loss of income.

29. By reason of the aforementioned acts of defendants, and each of them, plaintiff was compelled to secure the services of physicians and professional psychological help to treat plaintiff for his emotional distress and will continue to require the services of physicians and professional psychological help, and by virtue thereof plaintiff is indebted and liable for medical bills in amount according to proof.

30. By reason of the aforementioned acts, and each of them, plaintiff was compelled to secure his release by posting a bail bond and was compelled to secure the services of attorneys to redress the wrongs hereinabove mentioned and by virtue thereof plaintiff has paid and is indebted and liable for attorneys' fees in an amount according to proof.

31. As a proximate result of the aforesaid acts and omissions of defendants, and each of them, plaintiff Theodore Furtado Medeiros incurred severe emotional distress and was deprived of his constitutionally protected right to the enjoyment of life and liberty in an amount not less than $500,000.

32. The aforementioned acts and omissions of defendants Merced County Sheriff Deputies Clark, Macias, individually only, and Does 1-10 were committed under the color of authority by each of them knowingly, willfully and maliciously, with the intent to arrest and harm plaintiff and to intentionally cover up said individual misconduct with a conscious disregard of plaintiff's constitutional rights and by reason thereof, plaintiff seeks punitive and exemplary damages from defendant sheriff officers in their individual capacities, and each of them, in an amount not less than $1,000,000 and as an example to others.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION

(By Plaintiff Theodore Furtado Medeiros against Merced County Sheriff Deputy Clark, Deputy Macias, and Does 1-10, individually and in their official capacity, For Falsely Instigating a Criminal Prosecution Against Plaintiff Theodore Furtado Medeiros)

33. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 32 of this complaint, and by this reference, incorporates the same herein and makes each a part hereof.

34. On or about June 9, 2008, in Merced, California, defendants caused Bruce Gilbert, Deputy District Attorney of Merced County, California, to file a criminal complaint in the Superior Court of Merced County. The complaint accused plaintiff of the crime of violating Section 664/559 and Section 459 of the California Penal Code (felonies). Plaintiff was arrested May 19, 2008, detained in custody for one day, charged by criminal complaint with committing these crimes, and arraigned on June 30, 2008. The complaint was entitled "The People of the State of California, Plaintiff, vs. Theodore Furtado Medeiros, Defendant, action number MF48829.

35. After court appearances in the Merced County Superior Court on July 23, 2008 and August 21, 2008, the complaint filed June 9, 2008 was amended on September 24, 2009 by Merced County Deputy District Attorney Serratto, amending count one from a Penal Code Section 664/459, a felony, to a violation of Penal Code Section 601, a misdemeanor, and amended count two from a Penal Code Section 459 violation, a felony, to a violation of Penal Code Section 459, second degree, a misdemeanor. On October 8, 2008, the Deputy District Attorney put plaintiff's case into "deferred prosecution" on condition plaintiff stay 100 yards away from 609 Fleming Road for one year until October 7, 2009 at which time the case was

dismissed. Plaintiff had refused to plead guilty to any of the frivolous charges. The condition was not an alternate punishment of plaintiff. Plaintiff could not go to 609 Fleming Road without breaking the law by committing a trespass.

36. Defendants maliciously acted without probable cause in initiating the prosecution of plaintiff in that they did not honestly, reasonably, and in good faith believe plaintiff to be guilty of the crime charged because they knew plaintiff merely mistakenly drove into the wrong driveway and did not take anything and drove out of the driveway while looking for a residence with which he was unfamiliar.

37. Defendants acted maliciously in instigating the criminal prosecution in that defendants knew plaintiff did not commit either felony charge and had specific knowledge that he was factually innocent of the alleged criminal charges and maliciously caused the charges to be filed, had lied and on information and belief, had others lie to annoy and punish plaintiff, and to maliciously demonstrate their power as Merced County Sheriff officers to individuals such as plaintiff.

38. As a proximate result of the criminal prosecution initiated by defendants, plaintiff has been damaged. Defendant Merced County Sheriff Deputy Clark and defendant Merced County Sheriff Deputy Macias, in their official and individual capacities under color of authority, acted willfully, wantonly, and oppressively in that they both knew plaintiff had not committed a crime, and despite such knowledge, willfully and maliciously fabricated evidence, failed to investigate the case, filed a false sheriff's report, and maliciously caused burglary charges to be filed and prosecuted against plaintiff. Despite such knowledge, arrested and charged plaintiff with a crime and did not attempt to stop the criminal charges filed against plaintiff by the District Attorney's Office placing plaintiff in danger of a mandatory state prison

sentence of at least four years. By reason thereof, plaintiff seeks punitive and exemplary damages from defendant sheriff officers, in their individual capacities, and each of them, in an amount not less than $1,000,000 and as an example to others, and seeks damages in their official capacities from defendant sheriff officers, and each of them, in an amount not less than $500,000.

### THIRD CAUSE OF ACTION

### FALSE IMPRISONMENT

(By Plaintiff Theodore Furtado Medeiros against Merced County Sheriff Deputy Clark, Deputy Macias, and Does 1-10, individually and in their official capacity)

39. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 38 of this complaint, and by this reference, incorporates the same herein and makes each a part hereof.

40. On or about November 7, 2008, plaintiff presented a claim in the amount of $1,004,000 to defendant County of Merced, which at the time was the amount of the compensatory damages sought in this action. A copy of the County of Merced's Notice of Action on Claim dated January 5, 2009 is attached as Exhibit A to this complaint and made a part hereof. Defendant County of Merced rejected by operation of law plaintiff's claim on December 22, 2009. Plaintiff did not photocopy the actual claim filed. Defendant County of Merced has plaintiff's original form in their possession.

41. On the night of May 19, 2008, plaintiff was maliciously seized and arrested at his home at 3240 Herrod Avenue in the City of Atwater by defendants Merced County Sheriff Deputies Clark and Macias, without warrant or order of commitment or any other legal authority of any kind, when plaintiff had not committed any crime or public offense. Defendants accused

plaintiff of trespassing at the time of his arrest, but charged plaintiff with committing the offense of Penal Code Section 664/459 and Penal Code Section 459, but in fact the offenses had not occurred, nor did defendants have probable cause to believe that they had occurred or that plaintiff had committed them. Defendants did not reasonably investigate the alleged offenses, fabricated evidence and filed false reports, and knew plaintiff was innocent of the charged offenses.

42.  As a proximate result of the criminal prosecution initiated by defendants, plaintiff has been damaged. Defendant Merced County Sheriff Deputy Clark and defendant Merced County Sheriff Deputy Macias, in their official and individual capacities under color of authority, acted willfully, wantonly, and oppressively in that they both knew plaintiff had not committed a crime, willfully and maliciously fabricated evidence, failed to investigate the case, and knew plaintiff was innocent. Despite such knowledge arrested and charged plaintiff with a crime and did not attempt to stop the criminal charges filed against plaintiff by the District Attorney's Office putting plaintiff in danger of a mandatory state prison sentence of at least four years. By reason thereof, plaintiff seeks punitive and exemplary damages from defendant sheriff officers, in their individual capacities, and each of them, in an amount not less than $1,000,000 and as an example to others, and seeks damages in their official capacities from defendant sheriff officers, and each of them, in an amount not less than $500,000.

43.  Plaintiff suffered severe emotional distress, required the services of physicians and professional psychologists, and had to secure his release by posting a bail bond and securing an attorney at an amount to be presented at trial.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause of action as follows:

First Amended Complaint for Damages                    11

1. For general damages in the amount not less than $500,000;

2. For special damages according to proof and for interest on this amount at the legal rate;

3. For punitive and exemplary damages in an amount not less than $1,000,000;

4. For attorney's fees pursuant to 42 USC Section 1988;

5. Plaintiff demands jury trial for all issues triable by a jury;

6. For costs of suit; and

7. For such other and further relief as the court may deem proper.

Dated: January 12, 2010                           Law Office of STEPHEN SOLANO


                                                  By: /s/Stephen Solano
                                                      Attorney for Plaintiff

First Amended Complaint for Damages                    12

**County of Merced**
County Executive Office
Risk Management Division

## Notice of Action on Claim

January 5, 2009

Theodore F. Medeiros
3240 Herrod Avenue
Atwater, CA 95301

Notice is hereby given that the claim which you presented to the Board of Supervisors on 11/07/2008, was

☐ Rejected by Board of Supervisors Action on

☐ Allowed in the amount of $         and rejected as to the balance.

☒ Rejected by operation of law on December 22, 2009.

## WARNING

If your claim was rejected in whole or in part, you have, subject to certain exceptions, only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. **NOTE**: This six (6) month filing period applies only to State Court actions. If your action is based on federal law and/or you intend to file in Federal Court, a shorter or longer period within which to file the action may apply.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Date of Deposit in Mail: 1/05/2009


Brad Smith
Risk Management Director

cc:   Board of Supervisors
      County Counsel
      Freese & Gianelli
      File
      Karen Dollard, Anchor General Insurance Co.


2222 M Street
Merced, CA 95340
(209) 385-7356

Exhibit A

**PROOF OF MAIL**

(1013z, 2015.5 C. C. P.)

STATE OF CALIFORNIA )
COUNTY OF MERCED   )

RE: Claim of Theodore F. Medeiros, Claim No. 2008-128

      I am a citizen of the United States of America and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2222 M Street, Merced, California 95340.

      On January 5, 2009, I served a copy of the attached _____Notice of Action on Claim_____ on the _____claimant_____ in said matter by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box in the City of Merced, County of Merced, State of California, addressed as follows:

Theodore F. Medeiros
3240 Herrod Avenue
Atwater, CA  95301

that there is delivery service by United States mail at the place so addressed or that there is a regular communication by mail between the place of mailing and the place so addressed.

      I hereby certify under penalty of perjury that the above is a true and correct statement.

      Signed at Merced, California, this fifth day of January, 2009.

_____
Lodivinia N. Fallago

//
//