**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THEODORE FURTADO MEDEIROS,**<br><br>        **Plaintiff,**<br><br>   **v.**<br><br>**COUNTY OF MERCED, et al.,**<br><br>        **Defendants.** | **1:09-cv-01177-OWW-GSA**<br><br>**MEMORANDUM DECISION RE: MOTION FOR SUMMARY JUDGMENT (Doc. 56)** |

## I. INTRODUCTION.

Theodore Furtado Medeiros ("Plaintiff") proceeds with an action pursuant to 42 U.S.C. § 1983. Defendants Scott Clark and Eric Macias filed a motion for summary judgment on June 15, 2001. (Doc. 56). Plaintiff filed opposition on July 3, 2011. (Doc. 63).

## II. FACTUAL BACKGROUND.

At approximately 7:30 p.m. on May 19, 2008, Plaintiff drove his Polaris "Cushman" off-road vehicle to a property located on Fleming Road in search of the home of Frank Rose. Plaintiff intended to obtain Frank Rose's phone number for a friend. The property on Fleming Road was the residence of Elizabeth Coane.

Plaintiff drove into the driveway at the Coane residence, which he mistakenly believed was Rose's home. Plaintiff looked around and determined that he was at the wrong residence. The

1

parties dispute whether Plaintiff exited his vehicle at the Coane residence. Plaintiff maintains that he put one foot on the ground in order to investigate a sound he heard on his vehicle, and that he never walked around the Coane property.

Plaintiff left the Coane residence and located Frank Rose's residence a few minutes later. Cheryl Luman was present at Rose's home and provided Plaintiff with Rose's phone number. While Plaintiff was at the Rose property, Defendant Clark drove up, approached Plaintiff, and identified himself as a Merced County Deputy Sheriff. Clark, the son-in-law of Elizabeth Coane, asked Plaintiff what he was doing at the Coane residence.

Plaintiff asked Clark for identification, and Clark declined. Clark was off-duty. Plaintiff told Clark that without identification, Clark was not a sheriff's officer. Clark accused Plaintiff of stealing something from the tack room located on the Coane property. Plaintiff told Clark that if he was accusing him of being a thief, Plaintiff would "knock [Clark] on his ass." Plaintiff got into his Cushman and drove home to call the sheriff's office; Clark followed in his own vehicle.

Plaintiff arrived home and called the sheriff's office. The sheriff's office advised that a patrol car was already en route to Plaintiff's home. Shortly thereafter, Defendant Macias and another sheriff's officer arrived at Plaintiff's residence to investigate. Clark told the officers that Clark's son had seen Plaintiff walk out of the Coane tack room carrying something. Plaintiff called Clark's son a liar. Clark and the other sheriff's officer left Plaintiff's residence, while Macias remained with Plaintiff.

///

1  Macias talked to Plaintiff for approximately ten minutes. According to Macias, Plaintiff was upset and gave inconsistent accounts of what he did at the Coane residence. Plaintiff contends that he only made consistent statements to Macias. Ultimately, Macias placed Plaintiff under arrest. Plaintiff contends Macias told him he was being arrested for trespassing. Macias contends he told Plaintiff he was being arrested for burglary.

Macias placed Plaintiff in the back of his patrol car. Macias then drove to the Coane residence to further investigate the situation. Macias then drove Plaintiff to the jail to be booked on a first degree burglary charge. Plaintiff contends Macias took a long route to the jail because he knew Plaintiff was uncomfortable in the back seat of the patrol car.

### III. <u>LEGAL STANDARD</u>.

Summary judgment/adjudication is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).

Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier

of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). With respect to an issue as to which the non-moving party will have the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun*, 509 F.3d at 984.

When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Soremekun*, 509 F.3d at 984. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). "[A] non-movant must show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in his favor." Id. (emphasis in original). "[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute exists, a district court does not make credibility determinations; rather, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

///

///

**4**

**IV. <u>DISCUSSION</u>**.

**A. Fourth Amendment Claims**[1]

    **1. Defendant Macias**

Warrantless arrests require probable cause. *E.g., United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id*. Probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004)). Probable cause is an objective standard. *Id.* The arresting officer's subjective intention is immaterial in judging whether their actions were reasonable for Fourth Amendment purposes. *Id*.

Macias maintains he arrested Plaintiff on suspicion of burglary.[2] California Penal Code section 459 provides in pertinent part:

---

[1] The complaint also references violation of Plaintiff's Fourteenth Amendment rights, however, the allegations of the complaint are insufficient to state any Fourteenth Amendment claim. The Fourth Amendment, not the Fourteenth Amendment, provides the standard applicable to unreasonable arrest claims. *See, e.g., Garcia v. City of Ceres*, 2010 U.S. Dist. LEXIS 59748 * 17 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

[2] The parties dispute whether Macias arrested Plaintiff for burglary or trespassing; this dispute is immaterial to the probable cause inquiry, as Plaintiff's arrest was reasonable so long as there was probable cause to suspect that Plaintiff had committed *any* offense. *Edgerly*, 599 F.3d at 953. Defendants' motion for summary judgment does not contend that Macias had probable cause to arrest Plaintiff for trespassing.

5

1
2
3
> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building...with intent to commit grand or petit larceny or any felony is guilty of burglary.

4 Cal. Pen. Code § 459. Defendants' motion does not establish that
5 Macias had sufficient information to support probable cause to
6 suspect Plaintiff had committed the crime of burglary at the moment
7 of Plaintiff's arrest.

8     According to Macias' deposition testimony, he was dispatched
9 to Plaintiff's residence in connection with a burglary call.
10 Macias observed Clark and another officer, sergeant Howard,
11 standing next to Plaintiff, who was sitting in his Cushman off-road
12 vehicle. Clark told Macias that Clark's son saw Plaintiff drive up
13 to the Coaen property in a green Polaris, pull into the driveway,
14 walk to the tack room, and place an item taken from the tack room
15 in the back of Plaintiff's vehicle. Macias' discussion with Clark
16 lasted only as long as it took Clark to tell Macias what Clark's
17 son had stated. (Macias Dep. RT at 9). Clark and Howard left
18 Plaintiff's residence for the Coaen residence. Macias continued to
19 detain Plaintiff.

20     Macias stood by with Plaintiff at Plaintiff's residence for
21 approximately ten minutes, during which Macias "didn't talk to
22 [Plaintiff] too much." (Macias Dep. RT at 9). Macias continued
23 "just trying to keep small talk" with Plaintiff. (Id.). Macias
24 looked in the back of Plaintiff's vehicle and found no evidence of
25 any crime. (Id. at 10).

26     Macias represents that while he was talking to Plaintiff,
27 Plaintiff's "story changed more than once." (Id.). Macias
28 contends that Plaintiff initially stated he never set foot off his

**6**

vehicle at the Cohen residence, but later stated that he had walked around looking for Mr. Rose at the Cohen property. (Id.). Plaintiff contends that he only gave consistent answers which indicated that he never exited his vehicle. (Mederios Dep. RT at 19). According to Plaintiff, he told Macias that he placed his left foot on the ground to investigate a sound he heard but did not fully exit his Polaris. (Id.).

Macias made the decision to arrest Plaintiff. (Doc. 58, DUMF No. 44). Macias handcuffed Plaintiff, placed him into his patrol car, and drove to the Coane residence. Macias further investigated the incident at the Coane residence before driving Plaintiff to the station for booking.

The only grounds stated in Defendants' motion for Macias' suspicion that Plaintiff had committed the crime of burglary are (1) Clark's statement; and (2) Macias' brief interaction with Plaintiff at Plaintiff's residence.[3] A factual dispute exists regarding whether Plaintiff "changed his story;" accepting Plaintiff's version of the facts as true, he did not make inconsistent statements to Macias. The only undisputed basis for Macias' suspicion was Clark's statement. Macias did not speak to Clark's son directly before he placed Plaintiff under arrest and did not conduct any further investigation until after Plaintiff was already in custody.

The Ninth Circuit has repeatedly held that "in seeking to establish probable cause, 'officers may not solely rely on the

---

[3] Plaintiff contends that Macias received a radio communication before he arrested Plaintiff. Assuming Macias did receive such contact, the substance of the communication is unknown.

**7**

claim of a citizen witness. . .but must independently investigate the basis of the witness' knowledge or interview other witnesses.'" *United States v. Struckman*, 603 F.3d 731, 741 (9th Cir. 2010) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) and *Hopkins v. Bonvicino*, 573 F.3d 752, 767 (9th Cir. 2009)); *accord Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991) (noting requirement that officer investigate witness's statement to have sufficient information regarding witness's basis for knowledge underlying report). *A fortiori*, Clark's hearsay statement about what his son said he saw, unsupported by further investigation, was not sufficient in and of itself to establish probable cause as a matter of law.  Macias did not have any discussion with Clark's son, the only eye witness to the alleged crime.  Absent investigation into the basis for a witness's knowledge, a second-hand account of a witness statement is insufficient to establish probable cause. *See, e.g.*, *Struckman*, 603 F.3d at 741.  The fact that both Clark and his son are presumptively credible is insufficient to establish probable cause. *Fuller*, 950 F.2d at 1444.  ("We decline to adopt Appellees' argument that merely because citizen witnesses are presumptively reliable, the officers in this situation had no duty to examine further the basis of the witness' knowledge").[4]

---

[4] Defendants cite *United States v. Palos-Marquez*, 591 F.3d 1272, 1275 (9th Cir. 2010) for the proposition that "citizen tips are particularly reliable...because the 'officer can observe the informant's demeanor and determine whether the informant seems credible enough to justify immediate police action without further questioning.'" *Palos-Marques* is inapposite; it concerned a citizen's tip as the basis for *reasonable suspicion,* the lower standard applicable to investigatory vehicular stops.  Defendants also cite authority that stands for the proposition that police officers are "presumed reliable."  However, at the time of Plaintiff's arrest, Macias had no independent knowledge regarding the credibility of Clark's son's statement.

**8**

Defendants are not entitled to summary judgment on the issue of whether Macias had probable cause to arrest Plaintiff for burglary. Nor is Macias entitled to qualified immunity, as Ninth Circuit law clearly established that a single citizen's un-investigated statement is insufficient to create probable cause at the time of Plaintiff's arrest.[5] *E.g.*, *Arpin*, 261 F.3d at 925.

The FAC contains a conclusory reference to "excessive and unreasonable force." However, the complaint does not allege sufficient facts to support a reasonable inference that Macias employed excessive force. In opposition to the motion to dismiss, Plaintiff alleges that Macias "took an extra long and time consuming route to take Plaintiff to jail." Assuming *arguendo* that, in some circumstances, subjecting an arrestee to a gratuitously prolonged car ride in an uncomfortable patrol car can constitute excessive force, an ordinary officer in Macias' position could have made a reasonable mistake as to the constitutionality of taking the route to the jail that he did. Summary judgment is GRANTED as to any excessive force claim asserted by Plaintiff.

**2. Defendant Clark**

The FAC does not allege, and there is no evidence of, any seizure of Plaintiff effected by Clark. A person is not "seized" within the meaning of the Fourth Amendment unless "by means of physical force or show of authority, his freedom of movement is restrained." *United States v. Smith*, 633 F.3d 889, 892-93 (9th Cir. 2011). In the absence of physical force, in order to

---

[5] Whether Plaintiff gave inconsistent statements to Macias bears on both the probable cause inquiry and the qualified immunity inquiry, but this issue is disputed.

**9**

constitute a seizure, an officer's show of authority must be accompanied by "submission to the assertion of authority." *Id.* at 893.

It is undisputed that, after Clark announced that he was a deputy sheriff, Plaintiff refused to submit to his authority because Clark was not in uniform and did not provide identification. Plaintiff threatened to assault Clark and then left Clark's presence as Clark was attempting to question him about why he was at the Coane property. Clark did not directly effect any seizure of Plaintiff within the meaning of the Fourth Amendment.

Plaintiff contends that Clark conspired with Macias to violate Plaintiff's constitutional rights by fabricating statements intended to give rise to probable cause. A party may be liable under section 1983 where the party engages in a conspiracy or acts in concert with state agents to deprive one's constitutional rights. *E.g., Rhodes v. Placer County*, 2011 U.S. Dist. LEXIS 35497 * 27 n.7 (E.D. Cal. 2011) (citing *Fonda v. Gray*, 707 F.2d 435, 437-38 (9th Cir. 1983)). Although there is no direct evidence of a conspiracy, accepting Plaintiff's version of the facts and drawing all reasonable inferences therefrom, whether Clark and Macias conspired to manufacture probable cause to arrest Plaintiff is a question of fact. A reasonable jury crediting Plaintiff's version of the facts could find that Clark and Macias agreed to cause Plaintiff's arrest even in the absence of probable cause.

**B. False Imprisonment Claim**

Under California law, the tort of false imprisonment consists of "nonconsensual, intentional confinement of a person, without

**10**

lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 716 (Cal. 1994) (citation omitted). A peace officer may not be held liable for the tort of false imprisonment based on an arrest supported by probable cause. *E.g., O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 510-11, 44 Cal. Rptr. 3d 531 (2006) (discussing Cal. Pen. Code § 847(b)(1)).

Defendants contend they are entitled to summary judgment on Plaintiff's false imprisonment claim because Plaintiff's arrest was supported by probable cause. Defendants also contend that summary judgment should be granted as to Clark because he did not effect Plaintiff's arrest. As factual disputes preclude summary judgment on the issue of probable cause, Defendants' are not entitled to summary judgment on Plaintiff's false imprisonment claim. Clark may be found liable for false imprisonment to the extent Plaintiff can prove that Clark conspired with Macias to cause Plaintiff to be arrested without probable cause.

**C. Punitive Damages**

Punitive damages are available in an action pursuant to section 1983 when the Defendants conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *E.g., Smith v. Wade*, 461 U.S. 30, 56 (1983). Similarly, California Civil Code section 3294(a) authorizes punitive damages where clear and convincing evidence establishes that a defendant is guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(a). Defendants contend there is no evidence to support an award of punitive damages.

**11**

The intent each Defendant harbored during Plaintiff's arrest is a question of fact. A jury crediting Plaintiff's version of the events could conclude that Defendants acted with the requisite malicious intent to justify punitive damages. Defendants' motion for summary judgment on the issue of punitive damages is DENIED.

**D. Continuance**

Plaintiff requests a continuance in order to permit him to obtain a declaration from his surgeon regarding the condition of his shoulder at the time of his arrest. The condition of Plaintiff's shoulder is irrelevant to the probable cause inquiry. Plaintiff's request is DENIED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Summary judgment is GRANTED on Plaintiff's Fourth Amendment excessive force claim;

2) Summary judgment is DENIED on Plaintiff's Fourth Amendment unreasonable arrest claim;

3) Summary judgment is DENIED on Plaintiff's false imprisonment claim;

4) Summary judgment is DENIED on the issue of punitive damages; and

5) Plaintiff shall submit a form of order consistent with this memorandum decision within 5 days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   August 1, 2011**          /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE

12